<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WESLEY DENNIS ROSEBURE, : | | Civil No. 10-0012 (WJM) |
| Plaintiff, : | | |
| : | | <u>**OPINION**</u> |
| v. : | | |
| STATE OF NEW JERSEY, et al., : | | |
| Defendants. : | | |

**APPEARANCES:**

    WESLEY DENNIS ROSEBURE, #15074, Plaintiff <u>Pro Se</u>
    Ann Klein Forensic Center
    P.O. Box 7717
    West Trenton, New Jersey  08628

**MARTINI**, District Judge:

    Wesley Dennis Rosebure, a patient at Ann Klein Forensic Center, seeks to bring this action <u>in forma pauperis</u> without prepayment of fees pursuant to 28 U.S.C. § 1915.  Based on his affidavit of poverty, this Court will grant Plaintiff's application to proceed <u>in forma pauperis</u> and direct the Clerk to file the Complaint without prepayment of the filing fee.  <u>See</u> 28 U.S.C. § 1915(a).  Having thoroughly reviewed Plaintiff's allegations, this Court will dismiss the Complaint without prejudice to the filing of an amended complaint stating a cognizable claim under 42 U.S.C. § 1983.

## I.  BACKGROUND

The Complaint alleges violation of Plaintiff's constitutional rights under 42 U.S.C. § 1983 by the State of New Jersey and police officer William Rochin.  Plaintiff asserts the following in the section of the complaint form instructing him to state the facts:

> South Orange Police Officer Mr. Steven Davenport #760 submitted the water bottle and swore under oath that it was mine once he submitted to the State Police Office of forensic sciences DNA Labor[a]tory.  The contact Mr. William Rochin I never spoke to him or even wrote him he can be reached in Hamilton Township.  He's an employee who works there you can receive a copy of my full discovery made up by South Orange Police Precinct.

(Docket Entry #1 at p. 5.)

Plaintiff asserts that the State of New Jersey violated his rights as follows:  "Say in the allegations that I had a vitamin water bottle that has my DNA s[aliv]a on it and it was examined by the state police officers' forensic labor[a]tory in science labor[a]tory in Hamilton Township and the[ir] accu[s]ation that I confessed to crimes on tape to[] the South Orange Police and that[']s how they violated my civil rights."  (Docket Entry #1 at p. 4.)  Plaintiff alleges that William Rochin is liable under 42 U.S.C. § 1984 because he "probably found the vitamin water bottle at the scene of the crime where the computer was stolen[.  I ]roni[c]ally there was a bottle [but] I don't drink vitamin water."  (Id.)  Plaintiff seeks the following relief:  "To pay me for the lies they put upon me for the whole 18 months I been incar[cera]ted sir."  (Docket Entry #1 at 6.)

## II.  STANDARD FOR DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is

2

proceeding in forma pauperis or a prisoner seeks redress from a governmental agent or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

Addressing the clarifications as to the litigant's pleading requirement stated by the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Court of Appeals for the Third Circuit provided the district courts with guidance as to what pleadings are sufficient to pass muster under Rule 8.  See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008).  Specifically, the Court of Appeals observed as follows:

> "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation [is] to provide the 'grounds' of his 'entitle[ment] to relief' . . . ." Twombly, 127 S. Ct. at 1964-65 . . .  ."[T]he threshold requirement of Rule 8(a)(2) [is] that the 'plain statement [must] possess enough heft to 'sho[w] that the pleader is entitled to relief.'" Id. at 1966.  [Hence] "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965 & n.3.

Id. at 230-34 (original brackets removed).

This pleading standard was further refined by the Supreme Court in its recent decision Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), where the Supreme Court clarified as follows:

> [In any civil action, t]he pleading standard . . . demands more than an unadorned ["]the-defendant-unlawfully-harmed-me["] accusation. [Twombly, 550 U.S.] at 555 . . . .  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [Id.] at 555.

3

> [Moreover,] the plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully.  Id. [Indeed, even w]here a complaint pleads facts that are "merely consistent with" a defendant's liability, [the so-alleging complaint still] "stops short of [showing] plausibility of 'entitlement to relief.'"  Id. at 557 (brackets omitted).  [A fortiori,] the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [or to t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements [, i.e., by] legal conclusion[s] couched as a factual allegation [e.g.,] the plaintiffs' assertion of an unlawful agreement [or] that [defendants] adopted a policy "'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." . . . . [W]e do not reject these bald allegations on the ground that they are unrealistic or nonsensical. . . .  It is the conclusory nature of [these] allegations . . . that disentitles them to the presumption of truth. . . . [Finally,] the question [of sufficiency of] pleadings does not turn [on] the discovery process.  Twombly, 550 U.S.] at 559 . . . . [The plaintiff] is not entitled to discovery [where the complaint asserts some wrongs] "generally," [i.e., as] a conclusory allegation [since] Rule 8 does not [allow] pleading the bare elements of [the] cause of action [and] affix[ing] the label "general allegation" [in hope of developing actual facts through discovery].

Iqbal, 129 S. Ct. at 1949-54.

    The Third Circuit observed that Iqbal hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[1] which was applied to federal complaints before Twombly.  See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).  Since Iqbal, the Third Circuit has required the district courts to conduct, with regard to Rule 8 allegations, a two-part analysis when reviewing a complaint for dismissal for failure to state a claim:

---

[1] The Conley court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at 45-46.

4

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [See Iqbal, 129 S. Ct. at 1949-50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief" [in light of the definition of "plausibility" provided in Iqbal.] In other words, a complaint must do *more than allege the plaintiff's entitlement to relief*. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the *mere possibility of misconduct, the complaint has alleged-but it has not 'show*[*n*]*'-'that the pleader is entitled to relief*.'" Iqbal, [129 S. Ct. at 1949-50 (emphasis supplied)]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-11 (emphasis supplied).

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). With these precepts in mind, the Court will determine whether the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction. A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331. Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects,

>       or causes to be subjected, any citizen of the United States or other
>       person within the jurisdiction thereof to the deprivation of any
>       rights, privileges, or immunities secured by the Constitution and
>       laws, shall be liable to the party injured in an action at law, suit in
>       equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

Plaintiff brings this Complaint for violation of his constitutional rights under 42 U.S.C. § 1983 against the State of New Jersey and Police Officer Rochin. However, because the State of New Jersey is not a "person" within the meaning of 42 U.S.C. § 1983 which may be subject to suit for alleged violation of Plaintiff's constitutional rights, the State is not a proper defendant in this action. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 65 (1989). Plaintiff also names Officer Rochin as defendant for causing Plaintiff's incarceration for 18 months on the basis of "lies." This Court construes Plaintiff's allegations as an attempt to state a constitutional malicious prosecution claim under § 1983 against Rochin.

A claim of malicious prosecution for a particular crime under § 1983 "alleges the abuse of the judicial process by government agents." Gallo v. City of Philadelphia, 161 F.3d 217, 225 (3d Cir. 1998). "To prove malicious prosecution under section 1983 when the claim is under the Fourth Amendment, a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without

probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Johnson v. Knorr, 477 F. 3d 75, 81-82 (3d Cir. 2007) (footnote omitted); see also Hartman v. Moore, 547 U.S. 250 (2006). Plaintiff's allegations are insufficient to assert a malicious prosecution claim. While Plaintiff's allegation that he has been incarcerated for 18 months on the basis of "lies" may satisfy element number five, Plaintiff failed to assert facts alleging the first four elements of a constitutional malicious prosecution claim. Under these circumstances, his malicious prosecution claim will be dismissed for failure to state a claim upon which relief may be granted. See Baker v. Wittevrongel, 363 Fed. App'x 146 (3d Cir. 2010); Kossler v. Crisanti, 564 F. 3d 181, 186-87 (3d Cir. 2009).

This Court will, however, grant Plaintiff leave to file an amended complaint because it is not inconceivable that Plaintiff may be able to assert facts satisfying the five elements of a constitutional malicious prosecution claim in an amended complaint.[2] See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000). This Court will accordingly dismiss the Complaint, without prejudice to the filing of an amended complaint stating a cognizable claim under 42 U.S.C. § 1983 within 30 days of the date of the entry of the Order accompanying this Opinion.

---

[2] If Plaintiff files an amended complaint, he should be aware that, to state a § 1983 claim against an individual, "plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948. Moreover, as explained in the text, a malicious prosecution claim is not cognizable under § 1983 unless Plaintiff asserts facts showing that the criminal proceeding terminated in his favor. "[A] prior criminal case must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the favorable termination element." Kossler v. Crisanti, 564 F. 3d 181, 187 (3d Cir. 2009).

## IV.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint, without prejudice to the filing of an amended complaint.  The Court will enter an appropriate Order.

s/William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**

Dated: August 19, 2010